**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

| DANNY ROSS, Individually and for Others Similarly Situated,<br><br>v.<br><br>HARTSFIELD ROOFING & CONSTRUCTION, LLC | Case No. |
| --- | --- |

# ORIGINAL COMPLAINT

## SUMMARY

1. Danny Ross (Ross) brings this Fair Labor Standards Act (FLSA) lawsuit to recover the unpaid overtime wages and other damages owed to him by Hartfield Roofing & Construction, LLC (HRC).

2. HRC is a roofing contractor providing residential and commercial roof installation and repair services that employs laborers like Ross to carry out its work.

3. Ross and the other laborers regularly work more than 40 hours in a week.

4. But HRC does not pay them overtime for hours worked in excess of 40 hours in a single workweek.

5. Instead of paying overtime, HRC paid Ross and its other laborers a daily rate with no overtime compensation.

6. Ross brings this collective action to recover the unpaid overtime wages and other damages owed to himself and other laborers like him.

## JURISDICTION AND VENUE

7. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because: (a) HRC maintains it corporate headquarters in this District and Division; and (b) HRC conducts substantial business operations in this District and Division.

## THE PARTIES

9. Ross worked for HRC from approximately August 2018 to April 2019 as a roof installer.

10. Throughout his employment with HRC, Ross was paid a $110.00 day-rate with no overtime compensation, even though he regularly worked more than 40 hours each week.

11. Ross' consent to be a party plaintiff is attached as Exhibit A.

12. Ross brings this action on behalf of himself and all other similarly situated workers who were paid by HRC's day-rate system.

13. HRC paid each of these workers a flat amount for each day worked and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in accordance with the FLSA.

14. The class of similarly situated employees or putative class members sought to be certified is defined as follows:

> **All employees of Hartsfield Roofing & Construction, LLC who were paid a day rate with no overtime compensation in the past 3 years ("Putative Class Members").**

15. HRC is a Florida limited liability company headquartered in Tallahassee, Florida and may be served by serving its registered agent for service of process, Barrett (Rett) K. Hartsfield, at 1206 Mimosa Drive, Tallahassee, Florida 32312, or wherever he may be found.

## COVERAGE UNDER THE FLSA

16. At all times hereinafter mentioned, HRC has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

17. At all times hereinafter mentioned, HRC has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

18. At all times hereinafter mentioned, HRC has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce - such as roofing equipment, hand tools, computers, automobiles, and cell phones - by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $750,000 (exclusive of excise taxes at the retail level which are separately stated).

19. At all times hereinafter mentioned, Ross and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

## FACTS

20. HRC provides residential and commercial roof installation and repair services.

21. To provide its services, HRC hires personnel (like Ross) to perform this work.

22. Many of these individuals worked for HRC on a day-rate basis and make up the proposed Putative Class.

23. While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

24. HRC paid Ross and the Putative Class Members a flat sum for each day worked, regardless of the number of hours that they worked that day (or in that workweek) and failed to provide them with overtime pay for hours that they worked in excess of 40 hours in a workweek.

25. For example, Ross worked for HRC from approximately August 2018 to April 2019 as a roof installer.

26. Throughout his employment with HRC, Ross estimates he worked between 12 and 14 hours each day and regularly worked more than 40 hours each week.

27. Throughout his employment with HRC, Ross was paid on a day-rate basis with no overtime compensation.

28. Like Ross, HRC paid the Putative Class Members on a day-rate basis with no overtime compensation even though they regularly worked more than 40 hours a week for HRC.

29. Ross and the Putative Class Members were never paid on a salary basis. They never received any guaranteed weekly compensation from HRC irrespective of the days they worked and the only compensation they received from HRC was the day rate they were assigned for all hours worked in a single day or week.

30. Ross and the Putative Class Members performed similar job duties, worked similar hours, and were denied overtime because of the same illegal pay practice.

31. HRC's policy of failing to pay its employees, including Ross, overtime violates the FLSA because these workers are performing non-exempt job duties.

32. It is undisputed that Ross and the Putative Class Members are operating machinery, performing manual labor, and working long hours outside installing and repairing roofs.

33. HRC's day rate system violates the FLSA because Ross and the Putative Class Members did not receive any overtime pay for the hours they worked over 40 hours each week.

**FLSA VIOLATIONS**

34. As set forth herein, HRC has violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess 40 hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

35. HRC knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the Putative Class Members overtime compensation. HRC's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

36. Accordingly, Ross and the Putative Class Members are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

## COLLECTIVE ACTION ALLEGATIONS

37. Ross incorporates all previous paragraphs and alleges that the illegal pay practices HRC imposed on Ross were likewise imposed on the Putative Class Members.

38. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

39. Numerous other individuals who worked with Ross indicated they were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by federal wage laws.

40. Based on his experiences and tenure with HRC, Ross is aware that HRC's illegal practices were imposed on the Putative Class Members.

41. The Putative Class Members were all not afforded the overtime compensation when they worked in excess of 40 hours per week.

42. HRC's failure to pay wages and overtime compensation at the rates required by law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

43. Ross' experiences are therefore typical of the experiences of the Putative Class Members.

44. The specific job titles or precise job locations of the Putative Class Members do not prevent collective treatment.

45. Ross has no interest contrary to, or in conflict with, the Putative Class Members.

46. Like each Putative Class Member, Ross has an interest in obtaining the unpaid overtime wages owed to him under state and/or federal law.

47. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

48. Absent this action, many Putative Class Members likely will not obtain redress of their injuries and HRC will reap the unjust benefits of violating the FLSA.

49. Furthermore, even if some of the Putative Class Members could afford individual litigation against HRC, it would be unduly burdensome to the judicial system.

50. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

51. Ross' claims are typical of the claims of the Putative Class Members. Ross and the Putative Class Members sustained damages arising out of HRC's illegal and uniform employment policy.

52. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts.

53. Therefore, this issue does not preclude collective action treatment.

## JURY DEMAND

54. Ross demands a trial by jury.

## RELIEF SOUGHT

55. WHEREFORE, Ross prays for judgment against HRC as follows:

a. An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to the Putative Class Members with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b. For an Order pursuant to Section 16(b) of the FLSA finding HRC liable for unpaid back wages due to Ross and the Putative Class Members for liquidated damages equal in amount to their unpaid compensation;

c. For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

d. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ C. Ryan Morgan*

**C. Ryan Morgan**
Florida State Bar No. 15527
**MORGAN & MORGAN, P.A.**
20 N Orange Ave., Suite 1600
Orlando, Florida 32801
407-418-2069 – Telephone
407-245-3401 – Facsimile
rmorgan@forthepeople.com

**AND**

**Michael A. Josephson**
Texas State Bar No. 24014780
*(Admission pending pro hac vice)*
**Lindsay R. Itkin**
Texas State Bar No. 24068647
*(Admission pending pro hac vice)*
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone

713-352-3300 – Facsimile
mjosephson@mybackwages.com
litkin@mybackwages.com

**AND**

**Richard J. (Rex) Burch**
Texas Bar No. 24001807
*(Admission pending pro hac vice)*
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**